UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CECELIA WALLACE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1560-RLY-TAB |
| | ) | |
| JERRY HOUNSHEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER REGARDING LOCATION OF DEPOSITION

This cause is before the Court on a discovery dispute regarding the location of a deposition. The parties appeared by counsel on January 10, 2008, for a telephonic status conference and presented argument on this issue. The Court took this issue under advisement, and now issues the following ruling.

The discovery dispute involves the location of a Rule 30(b)(6) deposition of a representative of Defendant Advanced Correctional Healthcare, Inc. ("ACH"). At the January 10 status conference, Plaintiff contended the deposition should occur in Indianapolis, where this action pends, and where personal jurisdiction exists over ACH. Defendant ACH argued that the deposition should occur in Peoria, Illinois, where ACH has its principal place of business and where the Rule 30(b)(6) representative lives and works. ACH further asserted that there is a "presumption" that Rule 30(b)(6) depositions will occur where a corporation has its principal place of business.

There is support for the proposition that a Rule 30(b)(6) deposition should be taken at the corporation's principal place of business, but there are conflicting views as to what extent any

such presumption attaches.  For example, in *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979), the court stated it is "well settled" that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when the corporation is the defendant.  More recently, however, in *New Medium Tech. v. Barco N.V.*, 242 F.R.D. 460 (N.D. Ill. 2007), the court examined this issue and concluded that, given the broad discretion courts have in this area, the presumption is "merely a kind of general rule that 'facilitates determination when other relevant factors do not favor one side over the other.'"  *Id*. at 466 (quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997)).  The *New Medium* court thus remarked that "this is not a presumption at all.  Indeed, it is the antithesis of a presumption."  *Id*.; *see also Custom Form Mfg. v. Omron Corp.*, 196 F.R.D. 333, 338 (N.D. Ind. 2000) ("Corporate defendants are frequently deposed in places other than the location of their principal place of business, especially when the deposition site is the forum most convenient to all parties and that which best serves the general interests of judicial economy.")

   The noted Federal Practice and Procedure treatise by Wright & Miller reports cases with differing outcomes on this issue, but summarizes the law in this area as follows: "The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business.  This is subject to modification, however, when justice so requires."  8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2112 (2d ed. 1994).  This summary is logical and instructive.

   Thus, the Rule 30(b)(6) deposition of Defendant ACH should ordinarily be taken in Peoria, Illinois, unless justice requires it occur elsewhere.  This Court has broad discretion to

2

make this determination.  *New Medium,* 242 F.R.D. at 462.  Among the more significant factors to consider in making this determination are cost, convenience, and litigation efficiency.  *Id*. at 466.

Peoria is approximately 209 miles from Indianapolis.[1]  This is not such a considerable distance that deposition travel would be particularly time consuming, expensive, or inconvenient for either Plaintiff or Defendant.  *Cf. M & C Corp. v. Erwin Behr GmbH & Co.*, 165 F.R.D. 65, 68 (E.D. Mich. 1996) (requiring a German corporate defendant's agents to appear for depositions in Detroit); *Roberts v. Heim*, 130 F.R.D. 430, 439-40 (N.D. Cal. 1990) (compelling the appearance a Swiss defendant for deposition in San Francisco).  Thus, no factor weighs particularly strongly in favor or against the location of the ACH Rule 30(b)(6) deposition.

As stated in *New Medium*, 242 F.R.D. at 466, when other relevant factors do not favor one side over the other, the Court's discretion generally should be exercised in favor of conducting the Rule 30(b)(6) deposition at the corporation's principal place of business.  Accordingly, the ACH Rule 30(b)(6) deposition shall proceed in Peoria at a time mutually convenient for counsel and the deponent.  Justice does not require that the deposition occur in Indianapolis.

Dated:  01/29/2008

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[1] *See* http://www.mapquest.com.

Copies to:

Robert Ballard Clemens
BOSE MCKINNEY & EVANS, LLP
rclemens@boselaw.com

Rodney E. Farrow
FARROW & THOMPSON
farrow@farrowthompson.com

Max Eric Fiester
RUDOLPH FINE PORTER & JOHNSON
mef@rfpj.com

Steven D. Groth
BOSE MCKINNEY & EVANS
sgroth@boselaw.com

Stacy Kerns Harris
RUDOLPH FINE PORTER & JOHNSON
skh@rfpj.com

Robb Alan Minich
MICHAEL K. SUTHERLIN & ASSOCIATES
robbminich@hotmail.com

Michael D. Rogers
BOSE MCKINNEY & EVANS, LLP
mrogers@boselaw.com

Ross E. Rudolph
RUDOLPH FINE PORTER & JOHNSON
rer@rfpj.com

Michael K. Sutherlin
MICHAEL K. SUTHERLIN & ASSOCIATES, PC
msutherlin@gmail.com